CENTRAL TRUST CO. and another *v.* WABASH, ST. L. & P. RY. CO. and others.. (CITY OF ST. CHARLES, Intervenor.)[1]

*(Circuit Court, E. D. Missouri.* March 25, 1886.)

1. TAXATION—ASSESSMENT OF RAILWAY PROPERTY—SECTION 1, ART. 10, CONST. MO.

The provisions of the act of the general assembly of Missouri, of July 30, 1877, and of the Revised Statutes of Missouri of 1879, (sections 6865-6900,) giving the state board of equalization exclusive power to assess railroad property, are not contrary to the provisions of section 1, art. 10, of the constitution of Missouri.

2. SAME.

Neither are said statutory provisions in conflict with that provision of the charter of the city of St. Charles which authorizes said city to levy and collect taxes "upon all real and personal estate, taxable by the laws of the state," within its limits.

3. SAME.

Under said statutes the state board of equalization has authority to decide that railway bridges within the city limits of St. Charles shall be assessed and taxed as part of the road-bed and superstructure.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

4. LAWS—CONFLICT BETWEEN, AND CITY CHARTERS.

*Semble*, that where a city charter granted by an act of the general assembly of the state of Missouri conflicts with a law subsequently passed, as to assessment of property for taxation, the charter must be held to be superseded to the extent of any conflict that may exist.

In Equity. Exceptions to master's report.

This suit is to recover certain taxes, amounting to $11,000, alleged to have been assessed and levied by the city of St. Charles, Missouri, under authority of its charter, upon the St. Charles bridge, for the years 1878 to 1884, inclusive.

The facts are substantially as follows: The St. Charles Bridge Company, a joint-stock corporation, organized under the general laws of Missouri, constructed the bridge in question in the year 1871. It was intended to be used as a railway bridge, and has never been used for anything else. It spans the Missouri river at St. Charles, and 2,308 feet of the bridge and its approaches are within the corporate limits of that city. The bridge forms a connecting link and component part of the line of railway now owned by the Wabash, St. Louis & Pacific Railway Company, extending from the city of St. Louis to Kansas City, in the state of Missouri. July 8, 1878, the St. Louis, Kansas City & Northern Railway Company, which had used said bridge ever since its completion under a lease, as a part of its railway, purchased the bridge, and continued to use it as before until it was succeeded in 1879 by the St. Louis, Kansas City & Northern Railway Company, which has used it as a part of its line of railway ever since. Prior to July 30, 1877, taxes were paid upon said bridge to the city of St. Charles, levied by the mayor and councilmen, under its charter and ordinances.

On July 30, 1877, the general assembly passed an act giving the state board of equalization exclusive power to assess railroad property, and since then the St. Charles bridge has been returned by its owners to that board as part of the road-bed and track of the St. Louis, Kansas City & Northern Railway, and its successor in title, the Wabash, St. Louis & Pacific Railway, for the years 1878 to 1884, inclusive; and the board has annually assessed the property as a part of the track of said railway companies for all the years above named, except the year 1884, for which the assessment had not been made at the time the intervenor's petition was filed. The city's part of said general tax upon said property for said years has been paid over to the respective treasurers of said city. The assessor of the city of St. Charles has, however, during all of said years, assessed that part of the St. Charles bridge located within the city limits separate from the railroad track upon it. It is not claimed that he had any authority for so doing except the provisions of the city charter and ordinances.

The question is as to how far the rights of the city under its charter have been affected by the acts of the general assembly.

The city of St. Charles was incorporated as a municipal corporation by the general assembly of the state by an act approved March 10, 1864, which act, and the several acts amendatory thereof, were reduced into one act by an act of the general assembly approved March 1, 1869. Said last-named act provided that (article 6, §§ 1, 2) "the mayor and councilmen shall have power, by ordinance, to levy and collect a general tax upon all real and personal estate taxable by the laws of the state within the city, not exceeding one per cent. upon the assessed value thereof," and, in addition thereto, "to levy a tax not exceeding one-half of one per cent. upon all taxable property within the city, to provide for a sinking fund."

The mayor and aldermen of the city passed an ordinance, approved November 1, 1877, which provided (section 1) that—

"For the support of the city government, the payment of the city debts, and improvement of the city, a tax shall be levied upon the following objects owned or employed within the city: *First.* Lands and lots, including the houses and all improvements thereon, whether completed or not. *Second.* Leasehold interests in houses, lands, or lots, for a term of ten years or more, as lands. * * *"

"Sec. 4. That a general tax of one-half of one per cent. of the assessed value thereof shall be levied and collected on all property subject to taxation by the laws of the city, real, personal, and mixed.

"Sec. 5. That a special sinking-fund tax of one-half of one per cent. shall be levied and collected on all property subject to taxation under the laws of the city."

"Sec. 21. That real estate shall be assessed at the assessment which commenced on the first day of August, 1876, and shall only be required to be assessed every two years thereafter."

"Sec. 69. That this ordinance is intended to be in compliance with, and in conformity to, the act of the general assembly of the state of Missouri entitled 'An act concerning the assessment and collection of the revenue,' and all the sections, and parts of sections, of the said act, so far as applicable, are hereby incorporated into, and made a part of, this ordinance, and the same shall be recognized and considered as controlling authority by the city collector, as far as practicable."

The mayor and aldermen of the city of St. Charles, on July 31, 1880, passed an ordinance entitled "An ordinance to amend 'An ordinance in relation to revenue,'" approved November 1, 1877, repealing all ordinances and parts of ordinances in conflict therewith, providing (section 3) that "there shall be annually levied and collected on all property in the city, real, personal, and mixed, subject to taxation, a tax of fifty cents on the hundred dollars of valuation, for general purposes, and a sinking-fund tax in addition thereto for the payment of interest on the bonded indebtedness of the city," etc.

The first section of this ordinance was as follows: "For the support of the city of St. Charles, the payment of the city debts, and interest thereon, and for the improvement of the city, a tax shall be levied annually upon all the property within the city, real and personal, taxable as hereinafter provided;" and by an ordinance of May 28, 1881, this section was amended so as to read: "For the support

of the city of St. Charles, the payment of the city debt and interest thereon, and for the improvement of the city, a tax shall be levied annually upon all the property within the city, real and personal, taxable by the laws of the state of Missouri."

In the year 1871 the general assembly inaugurated a general system for valuation, and the act above referred to, giving the state board of equalization power to assess railroad property, was passed in 1877. The act of 1877 has been incorporated in the Revised Statutes of Missouri of 1879, which (sections 6865–6900) prescribe the manner in which taxes shall be levied on all property in the state owned, hired, or leased by any railroad company, for state, county, or other municipal or local purposes; require all railroad companies to furnish annually a sworn statement to the state auditor, giving in detail the length of the road, of double or side tracks, with depots, water-tanks, and turn-tables, and the length of such road, double or side tracks in each county, municipal township, incorporated city, town, or village through or in which it is located in this state; * * * and at the same time to furnish to the clerk of the county court of each and every county in the state in which said road may be located a duplicate statement of its property in such county; shall examine the statement so made, and determine the correctness as to description of property and valuation thereof, and forward a certificate of their action to the state auditor; and provide how any ascertained errors in the statements may be corrected; direct that the state auditor shall lay before the state board of assessment and equalization the returns made to him by the railroad companies and county clerks; constitute the governor, secretary of state, state auditor, state treasurer, and attorney general of the state the board of assessment and equalization; authorize such board to assess, adjust, and equalize the property of the railroad companies of the state included in such returns, with power to increase or reduce the aggregate valuations made by the railroad companies or the county courts in their respective returns, and to assess, adjust, and equalize any other property belonging to any railroad company in the state of the character above stated, as to which no returns have been made, but which may be otherwise known to them; and shall apportion the aggregate value of all such property to each county, municipal township, city, or incorporated town according to the ratio which the number of miles of such road completed in such county, municipal township, city, or incorporated town shall bear to the whole length of the road in the state.

The master, Mr. E. T. ALLEN, from whose able and exhaustive report this statement has been to a great extent copied, found and reported that "if any conflict exists between the provisions of the laws of the state regarding valuation of railroad property for taxation and the charter of the city of St. Charles, the charter must be held to be superseded to the extent of any such conflict, (*State* v. *Severance*, 55

v.27F.no.1—2

Mo. 378;)" but that the authority given by the charter of the city of St. Charles to its mayor and councilmen to levy and collect taxes "upon all real and personal estate taxable by the laws of the state within the city," is not taken away by the statutory provisions as to its valuation; that the legislation in reference to the assessment of railroad property is not contrary to the provision of section 1, art. 10, of the Missouri constitution of 1875; and that "the question whether or not the St. Charles bridge property should be included as a part of the road-bed and superstructure of the railway owning it, or assessed and taxed as a separate property, was one exclusively within the province of the state board of equalization to determine;" "and that inasmuch as that board has passed upon that question, for the years named, adversely to the contention of the city of St. Charles, the city of St. Charles is bound by that determination."

*Dyer, Lee & Ellis* and *F. W. Hinman*, for intervenor.

*H. S. Priest* and *George S. Grover*, for receiver.

TREAT, J., (*orally.*)   In the intervening petition of the city of St. Charles in the *Wabash Case* I have gone over the subject, and the exceptions to the master's report will be overruled.   If I talked an hour I could add nothing to the exhaustive and analytical opinion given by the master in this case.   He has gone through the whole subject in connection with the constitution and laws in great detail, and very accurately and correctly.   The court, not only adopts his report in that matter, but his analysis and reasoning in regard to the case.   The exceptions are overruled, and report confirmed.